# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re | : Chapter 7 |
| | : |
| WOMAN'S MEDICAL HOSPITAL, | : Bankruptcy No. 05-15521DWS |
| | : |
| Debtor. | : |
| | : |
| MARVIN KRASNY, Chapter 7 Trustee for the estate of Woman's Medical Hospital, | : Adversary No. 05-0404 |
| | : |
| Plaintiff, | : |
| | : |
| vs. | : |
| | : |
| TENET HEALTHSYSTEM MEDICAL, INC., TENET HEALTHCARE CORPORATION, | : |
| | : |
| Defendants, | : |

## PRETRIAL ORDER

**AND NOW**, this 28th day of June 2005, it is hereby **ORDERED** that:

1. The disclosure requirements of Fed.R.Civ.P. 26(a)(1), (a)(2), and (a)(3) as well as the conference and discovery plan provisions of Fed.R.Civ.P. 26(f) do not apply to this proceeding;

2. All **discovery** shall be completed on or before **August 29, 2005**;

3. All **motions** shall be filed on or before **August 29, 2005**;

4. On or before **September 20, 2005**, the parties shall file a joint pretrial statement and file a copy with chambers. The joint pretrial statement shall be signed by all counsel.

It is the obligation of the plaintiff's counsel to initiate the procedures for its preparation and to assemble and submit the proposed pretrial statement to the court. Plaintiff's counsel shall submit a proposed joint pretrial statement to defendant's counsel not less than 7 days prior to the deadline for its submission to the Court.

Counsel are expected to make a diligent effort to prepare a proposed pretrial statement in which will be noted all of the issues on which the parties are in agreement and all of those issues on which they disagree. The proposed pretrial order shall govern the conduct of the trial and shall supersede all prior pleadings in the case. Amendments will be allowed only in exceptional circumstances and to prevent manifest injustice. Failure of any party to timely file the pretrial statement may result in the imposition of sanctions by the Court.

The joint pretrial statement shall be in the following form:

I. <u>Basis of jurisdiction</u>. (including a statement whether this matter is core or non-core). If the matter is noncore, the parties shall state whether they consent to the court's entry of a final order pursuant to 28 U.S.C. § 157(c)(2). If the parties disagree, they shall each cite to relevant authority to support their positions.

II. <u>Statement of uncontested facts</u>.

III. <u>Statements of facts which are in dispute</u>. [No facts should be disputed unless opposing counsel expects to present contrary evidence on the point at trial, or genuinely challenges the fact on credibility grounds.]

IV. <u>Damages or other relief</u>. A statement of damages claimed or relief sought. A party seeking damages shall list each item claimed under a separate descriptive heading, shall provide a detailed description of each item and state the amount of damages claimed. A party seeking relief other than damages shall list the exact form of relief sought with precise designations of persons, parties, places and things expected to

Adversary No. 05-0404

> be included in any order providing relief.
>
> V. <u>Legal issues presented</u> and the constitutional, statutory, regulatory and decisional authorities relied upon. (Counsel should include a brief statement regarding which party has the burden of proof on each legal issue.)
>
> VI. <u>Witnesses</u> listed in the order they will be called along with a brief statement of the evidence the witness will give. Witnesses shall be classified between those who any party expects to present and those whom any party may call if the need arises. If not already provided to all parties, the address and telephone number of each witness shall be disclosed.
>
> VII. <u>A list of all exhibits</u> to be offered into evidence which shall be serially numbered and physically marked before trial in accordance with the schedule. All objections (other than relevancy) to any of the exhibits shall be listed, specifying the nature thereof, under the exhibit. Exhibits to which objections are not listed shall be admitted at trial and objections not listed on the joint pretrial statement will not be allowed at trial. Documents which a party may offer if the need arises shall be separately identified.
>
> VIII. <u>A list of each discovery item</u> and trial deposition to be offered into evidence. (Counsel shall designate by page portion of deposition testimony and by number the interrogatories which shall be offered in evidence at trial.)
>
> IX. <u>Estimated trial time</u>
>
> X. <u>A certification</u> that the parties have attempted good faith settlement discussions without success.

5. The dates in this Order are fixed by the Court. Any request for an extension of any deadline, even if agreed to by all parties, shall be presented in a pleading filed with the Court with a proposed form of Order as soon as the need for the additional time is apparent and in

-3-

no event later than 15 days before the date(s) sought to be adjourned. The Court shall consider such requests without the need for a hearing. In the absence of an Order granting the extension, the dates set forth herein shall apply.

6. A mandatory final pretrial/settlement conference shall be held on **SEPTEMBER 27, 2005 at 2:20 p.m.** in Bankruptcy Courtroom #3, Robert N.C. Nix Federal Courthouse & Post Office, 900 Market Street, 2nd Floor, Philadelphia, PA. If the adversary proceeding is not resolved prior to the conclusion of the conference, the adversary proceeding shall be set down for trial at the Court's first available date. Each party may file five (5) days prior to the date of trial a trial memorandum with service on the opposing party and a courtesy copy delivered to Chambers. The trial may be continued only in exceptional circumstances on motion to and leave of the Court.

                                          DIANE WEISS SIGMUND
                                          Chief U.S. Bankruptcy Judge

-5-  Adversary No. 05-0404

Copies to:

John C. Kilgannon, Esquire
Stevens & Lee, P.C.
1818 Market Street
29th Floor
Philadelphia, PA  19103

Derek J. Baker, Esquire
REED SMITH, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103-7301